MARY K. BARLOW, ET AL. *v.* BENJAMIN F. HUDSON.

[Abstract Kentucky Law Reporter, Vol. 5—604.]

**Conveyance of Real Estate.**

A grantor who sues to correct a deed made so as to reserve a family graveyard from the land conveyed in accordance with the agreement of purchase will fail, where there is no proof introduced showing a mistake in the execution of the deed.

APPEAL FROM GARRARD CIRCUIT COURT.

January 31, 1884.

OPINION BY JUDGE PRYOR:

This action was instituted in equity by the widow and children of Henry Barlow, deceased, for the purpose of reforming a conveyance made by them to the appellee, Hudson, of a tract of land that descended from their father and upon which he resided at his

death. They allege the existence of the family burying ground on the premises and their omission to have inserted in the conveyance a reservation of this part of the land from its terms at the time the conveyance was made, further alleging an express agreement between them and the appellee that this reservation should be embraced by the deed, but was omitted to be inserted by the mistake or oversight of the draftsman.

The judgment below recites that the case was heard, but whether any testimony was offered does not appear, and we infer from the judgment that the case was submitted on the pleadings alone. There is no proof introduced as to the alleged mistake in the conveyance, and the appellee, who was the purchaser, in his answer states that the burying ground is very near the door of his dwelling and the well from which he obtains water for the use of his family; that he has no desire or inclination to prevent the family from visiting the graves of their ancestors, or ornamenting them as they may see proper, but denies the right of appellants to enter upon his premises for the purpose of making it a common graveyard for the descendants of the family or their friends, and this seems to be the only controversy between these parties. The proximity of the graveyard to the appellee's dwelling certainly affords a strong reason for the objection he has interposed to its use for future interments, and the proposition to purchase out of his own means a lot for the family in the cemetery at Lancaster where the remains of their ancestors could be removed conduces to show that he is not influenced by any improper motives in refusing the right claimed by appellants.

While it is manifest that the graves of the dead in private burying grounds on land subject to be sold at any time must soon be lost sight of or at least neglected, still there is no law by which those interested can be required, under ordinary circumstances, to remove the remains of the dead, and therefore the refusal to accept the proposition of the appellee to purchase a cemetery lot affords no defense to the action.

The statute laws of the state imposes a penalty on those who wilfully mutilate graves, or who plow over them or remove or injure the shrubbery, etc.; and if there was no reservation in the deed the appellee would acquire no right to the bodies of the dead by reason of his purchase, or the right to remove the soil over them or to

mutilate or otherwise destroy the graves. The privilege of ingress and egress on the part of the family to these graves is conceded, but when they insist upon the right to appropriate the fee conveyed to the appellee by making it a place of interment for others, the chancellor acted properly in refusing the relief in the absence of any proof showing a mistake in the execution of the conveyance. The judgment below is *affirmed*. The failure to allow or tax an attorney's fee is no ground for reversal.

Judgment *affirmed*.

*W. O. Bradley, for appellants.*

*Denny & Tomlinson, for appellee.*